IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STI HOLDINGS, INC. f/k/a
STOUGHTON TRAILERS, INC.,

                 Plaintiff,

v.

GREAT DANE LIMITED PARTNERSHIP,

                 Defendant.

ORDER

09-cv-570-slc

---

      This is a civil lawsuit in which plaintiff STI Holdings, Inc. alleges that defendant is infringing plaintiff's United States Patent Nos. 6,450,564 (the '564 patent) and 6,578,902 (the '902 patent), both of which cover "wall joint configuration" for trailers. The parties disagree about the meaning of seven terms. *See* dkt. 28. After viewing the parties' submissions, I am persuaded that construction of four terms is warranted because the parties' disputes regarding those terms concern infringement or invalidity. The four terms are: (1) main plateau defining a first plane; (2) having; (3) panel; and (4) a single plate.

      The parties' dispute regarding "spaced apart" relates to defendant's claim that the patents' claims are invalid because of indefiniteness. In other words, there are no proposed constructions for the term; instead, they dispute whether the term "fails to reasonably apprise one skilled in the art of the boundaries of the claim when read in light of the specification." *Amgen Inc. v. F. Hoffman-LA Roche Ltd.*, 580 F.3d 1340, 1371 (Fed. Cir. 2009). This dispute is better addressed in a motion for summary judgment. *See Aero Products International, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1015 (Fed. Cir. 2006) (patent's claims are presumed valid and establishing invalidity requires party seeking to invalidate patent claim to prove invalidity by clear and convincing evidence). Thus, I will not construe it at this time.

Regarding the remaining two disputed terms, "adjacent" and "couple," neither party explains how the "construction of each specified term is necessary to resolve a disputed issued concerning infringement or invalidity." Preliminary Pretrial Conference Order, dkt. 16, at 2. Accordingly, I will not construe those two terms at this time. Finally, the parties agree that no claims construction hearing is necessary. Therefore, no hearing will be held.

ORDER

IT IS ORDERED that the following four terms from United States Patent Nos. 6,450,564 and 6,578,902 will be construed by the court at this time:

- "main plateau defining a first plane" as used in claims 1 and 15 of the '564 patent and claims 1 and 16 of the '902 patent;

- "having" as used in claims 1, 10, 15 and 24 of the '564 patent and claims 1, 10, 16 and 25 of the '902 patent;

- "panel" as used in claims 1 and 15 of the '564 patent and claims 1 and 16 of the '902 patent; and

- "a single plate" as used in claims 5 and 19 of the '564 patent and claims 5 and 20 of the '902 patent.

Entered this 12th day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge