IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STI HOLDINGS, INC., f/k/a
STOUGHTON TRAILERS, INC.,

                                                          ORDER

                Plaintiff,

v.                                             09-cv-570-slc

GREAT DANE LIMITED PARTNERSHIP,

                Defendant.

---

On February 4, 2011, this court held the final pretrial conference with the parties. The court allowed the parties to provide post-hearing input on these following issues: 1) the wording of the preliminary instructions, specifically, whether the jury should be instructed that Stoughton brought this case initially; 2) the wording of the "law of the case" document that will be read to the jury at trial; 3) how the jury should be instructed on the date from which damages begin to be calculated; and 4) whether Stoughton's damages expert should be limited in his testimony to the four corners of his report. This order addresses those remaining issues.

I. <u>Preliminary Instructions</u>

      <u>Contentions of the Parties</u>. I am persuaded that informing the jury that Stoughton brought this case for infringement but infringement is no longer in the case is helpful to provide context for the jury and not prejudicial to Great Dane. I have modified the language in an attempt to satisfy (or dissatisfy equally, as the case may be) both sides.

II. <u>Law of the Case Document</u>

Great Dane has proposed additional language regarding the propriety of combining Worth '052 with Yurgevich '099 and Ehrlich '693, to which Stoughton objects. I agree with Stoughton that this court has never decided whether the inventions disclosed in Claims 2 and 16 of the '564 patent and Claims 2 and 17 of the '902 patent were an obvious combination of Worth with either Yurgevich '099 or Ehrlich '693, nor has Stoughton ever conceded that point. In the summary judgment order, I found only that a person skilled in the art would have seen a benefit to combining the logistics slots or apertures of Yurgevich or Ehrlich with the joint configuration of Worth '052. Great Dane's additional proposed "law of the case" language goes much farther, suggesting that this court already has found that it is proper to combine *any* of the elements of Worth's claims with *any* of the elements of Yurgevich and Ehrlich's claims.

I understand that Great Dane should not have to re-prove the invalidity of the independent claims of the '902 patent, and I assume that this is what it was trying to ensure with its proposed additional language. I have made my own modification to the law of the case document with this narrow goal in mind. The parties are free to offer additional input on Monday morning.

III. <u>Damages Issues</u>

   1. <u>Date Damages Began</u>

At the final pretrial conference, the parties disputed whether Stoughton had marked its trailers before it filed this lawsuit. Stoughton has submitted a jury instruction on marking that

Great Dane says is acceptable. Dkts. 115, 119. Great Dane, however, says Stoughton should not even be allowed to present evidence of marking at trial. Dkt. 113.

First, Great Dane argues that Stoughton waived the marking argument by failing to plead notice with the marking statute. This argument is unpersuasive. In *Sentry Protection Products, Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005), the court found that Sentry's pleading that "the infringements have been willful and with full knowledge of the '611, and '781 patents" was sufficient to preserve the marking issue. Similarly, in this case, Stoughton alleged in its complaint that "Great Dane had actual knowledge of [the '564 patent and '902 patent] yet continued its infringing conduct notwithstanding that knowledge" and that Great Dane's infringement was willful and deliberate. Dkt. 1, ¶¶14, 22. Stoughton did not waive its marking argument by failing to plead notice.

Second, Great Dane argues that the only evidence that Stoughton presented during discovery to support any marking argument does not actually establish marking. It is up to the jury to determine what the evidence shows or fails to show. It should go without saying that any evidence that Stoughton intends to submit in support of its marking claim can only be evidence previously disclosed during discovery. Fed. R. Civ. P. 37(c)(1).

Finally, to comply with the statute of limitations, I have included in the damages instruction a provision stating that the earliest date on which damages may begin is September 17, 2003.

2. Stoughton's Damages Expert

At the final pretrial conference, I denied Great Dane's motion to bar the testimony of Vincent Thomas, Stoughton's damages expert, at trial. Thomas did not apply the "25 Percent Rule" declared unreliable in *Uniloc USA, Inc. v. Microsoft Corp.*, ___ F.3d ___, 2011 WL 9738 (Fed. Cir. Jan. 4, 2011), and although his proposed 80/20 profit split lacks analytical precision, it is not so arbitrary as to be unreliable under *Daubert*. Thomas linked his opinion to the factors identified in *Georgia-Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120-21 (S.D.N.Y. 1970), and to the sparse facts available to him on this issue in this lawsuit. Overall, I am persuaded that his opinion could help the jury understand the various *Georgia-Pacific* factors and how they ought to be considered in the context of this case.

However, Great Dane is correct that Stoughton cannot use evidence that it failed to provide during discovery to prove a key assumption made by Thomas--namely, that market demand for Great Dane's trailers was driven by the patented invention. As Great Dane points out, although Thomas was entitled to rest his opinion upon assumed facts, Stoughton was obliged before discovery closed to disclose the evidence that it was going to use at trial to prove these assumed facts. Stoughton failed to do so, which denied Great Dane the opportunity to investigate this evidence and attempt to impeach or counter it. That Great Dane could have anticipated that foundational support for Thomas's opinions was in the offing is not the same as timely receiving the actual evidence. Providing foundational witness declarations after the close of discovery in response to a motion in limine is too late. Accordingly, Stoughton is limited to proving its damages case with evidence disclosed before discovery closed.

Attached to this order are copies of the edited preliminary jury instructions, statement of the prior art, verdict form on liability and damages instructions.

Entered this 11th day of February, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge